# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1103
Lower Tribunal Nos. F19-15745, F19-23949, F20-12435, F21-13392,
F23-16943

_____

**Damicela Iglesias Torralba,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Black v. State, 59 So. 3d 340, 344 (Fla. 4th DCA 2011) ("[W]e review the trial court's findings that are based on hearing each [officer]'s live testimony under the ordinary 'competent and substantial evidence' standard. However, to the extent that the trial court's findings are based on viewing the [bodycam footage], which this court of course has also viewed, we utilize a much less deferential standard."); Hall v. State, 414 So. 3d 345, 348 (Fla. 5th DCA 2025) ("We have reviewed the video evidence, and we conclude that [a]ppellant's actions resolved any arguable ambiguity in h[er] spoken words and established consent . . . ."); State v. Baez, 894 So. 2d 115, 117 (Fla. 2004) ("[T]he totality of the circumstances controls in cases involving the Fourth Amendment."); State v. Gamez, 34 So. 3d 245, 247–49 (Fla. 2d DCA 2010) ("Consent to search may be in the form of conduct, gestures, or words. . . . [T]here was no evidence that [appellant] suffered from a vulnerable, subjective state, caused by a mental condition, age, intelligence, or education. We also note that there was no evidence of a coercive circumstance or any coercive conduct by [the officers], such as a show of force, threatening conduct, a prolonged detention, or deception." (internal citations omitted)); State v. Ojeda, 147 So. 3d 53, 58 (Fla. 3d DCA 2014) ("[Appellant] volunteered to 'cooperate with whatever [she was] asked.' [Officer Rivera] then asked h[er] to sign the consent form.

2

[Appellant] did so upon the first request."); <u>Luna-Martinez v. State</u>, 984 So. 2d 592, 600 (Fla. 2d DCA 2008) ("A suspect is more likely to be overawed by one officer speaking in an insistent, demanding tone than is a suspect who is addressed in a low-key manner in an encounter with several officers. . . . Even though the presence of such a number of officers might heighten the potential for coercion, given the other circumstances present here, we conclude that the number of officers present did not have a coercive impact on [appellant]."); <u>Golphin v. State</u>, 945 So. 2d 1174, 1193 (Fla. 2006) ("[T]his otherwise consensual encounter did not mature into a seizure simply because the police retained [appellant]'s identification which [s]he had consensually and voluntarily produced . . . .").